UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE KERN COUNTY WORKERS' ELECTRICAL PENSION FUND, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ATKINS SPECIALTY SERVICES, INC.,<br><br>Defendant. | No. 1:16-cv-01925-NONE-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 16 & 26) |

On June 10, 2020, plaintiffs Board of Trustees of the Kern County Electrical Pension Fund, Board of Trustees of the Kern County Electrical Workers Health & Welfare Trust, and Board of Trustees of the Kern County Electrical Journeyman & Apprenticeship Training Trust filed a motion to amend the judgment entered against defendant Atkins Specialty Services, Inc. to add Jeffrey Atkins, Rhonda Atkins, and Atkins Services Inc. as judgment debtors pursuant to Federal Rule of Civil Procedure 69. (Doc. No. 16.) The motion was referred to a United States Magistrate Judge for the preparation of findings and recommendations on January 26, 2021. (Doc. No. 25.) On March 2, 2021, the assigned magistrate judge issued findings and recommendation, recommending that plaintiffs' motion be denied. (Doc. No. 26.) The findings and recommendation contained notice that any objections thereto were due within twenty-one days. (*Id.* at 1.) On March 23, 2021, plaintiffs filed timely objections. (Doc. No. 29.)

1

**A.     Legal Standards**

Under Federal Rule of Civil Procedure 69(a), a district court may use its forum state's procedure to amend a money judgment to add additional judgment debtors; in California, that procedure is provided by California Code of Civil Procedure § 187. *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004). As relevant here, when a corporation is a judgment debtor, individuals may be added if they are the alter egos of the corporation. Due process requires that the individuals have had "control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved." *Id.* at 1150. A successor corporation may be added to the judgment if it is the mere continuation of the previous corporation. *Id.* at 1148, 1150. California courts require evidence of "(1) a lack of adequate consideration for acquisition of the former corporation's assets to be made available to creditors, or (2) one or more persons were officers, directors, or shareholders of both corporations." *Id.* at 1150. The moving party bears the burden of proof by a preponderance of the evidence. *Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*, 468 F. Supp. 3d 1236, 1240 (C.D. Cal. 2020) (citing *Wollersheim v. Church of Scientology*, 69 Cal. App. 4th 1012, 1018 (1999)).

**B.     Jeffrey and Rhonda Atkins as Additional Judgment Debtors**

Plaintiffs object to the magistrate judge's recommendation that the court find that Jeffrey and Rhonda Atkins are not the alter egos of defendant. (See Doc. No. 29 at 1–12.)

The magistrate judge recommended denying plaintiffs' motion to add Jeffrey and Rhonda Atkins as judgment debtors because adding them would offend their due process rights. The magistrate judge found that even if Jeffrey and Rhonda Atkins had control over the litigation, plaintiffs failed to show by a preponderance of the evidence that the Atkins had the occasion to conduct it with the diligence corresponding to the risk of personal liability.

Instructive in this regard is the decision in *NEC Electronics Inc. v. Hurt*, 208 Cal. App. 3d 772, 780–81 (1989), where the state appellate court concluded that a CEO did not have occasion to conduct litigation with a diligence corresponding to the risk of personal liability when the corporation was close to bankruptcy and the CEO himself was not named in the lawsuit. *See also Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-CV-04732-PJH, 2019 WL 3576900

at *6 (N.D. Cal. Aug. 6, 2019), *aff'd sub nom. Cadence Design Sys., Inc. v. Viera*, 836 F. App'x 493 (9th Cir. 2020) (Concluding that the CEO's "mere participation in this litigation does not come close to outweighing the lack of evidence showing that [the CEO] had notice that he faced the risk of personal liability before the court entered judgment.").

Here, as the magistrate judge noted, defendant was facing bankruptcy and there were no pre-judgment indications that Jeffrey or Rhonda Atkins would be held personally liable as a result of this action. Thus, the magistrate judge properly concluded that adding those individuals as judgment debtors would offend due process because they did not have the occasion to conduct the litigation with a diligence corresponding to the risk of personal liability.

Plaintiffs argue that due process requires only the opportunity to be heard and present defenses and the occasion to conduct the litigation. (Doc. No. 29 at 9–10.) According to plaintiffs, because Jeffrey and Rhonda Atkins knew about the litigation and hired attorneys, due process is satisfied. But knowing about the litigation is not enough. The proposed judgment debtors must have had notice not only of the litigation, but about the risk of being held personally liable in connection with it. *Cadence*, 2019 WL 3576900, at *6 & n.8. Here, there are no indications that Jeffrey and Rhonda Atkins had such notice here. Thus, the magistrate judge properly concluded that adding them as judgment debtors would violate their due process rights.

**C.     Atkins Services, Inc. as Additional Judgment Debtor**

Plaintiffs also object to the magistrate judge's recommendation not to add Atkins Services, Inc., as a judgment debtor. As noted above, California courts require a showing that (1) the successor provided inadequate consideration when acquiring the former corporation's assets or (2) one or more persons were officers, directors or shareholders of both corporations. *Katzir*, 394 F.3d at 1150. "Inadequate consideration is an essential ingredient to a finding that one entity is a mere continuation of another." *Id.*; *accord Reno-Tahoe Specialty*, 468 F. Supp. 3d at 1241 ("The judgment debtor must also have transferred its principal assets to justify finding that the transferee corporation is a mere continuation of the original judgment debtor.").

In this case the magistrate judge found that plaintiffs had provided no evidence that Atkins Services Inc. obtained any of defendant's assets, much less the principal ones, and accordingly

| | |
|---|---|
| 1 | recommended denying this aspect of plaintiffs' motion as well.  (Doc. No. 26 at 10–11.) |
| 2 | Plaintiffs ask this court to infer that the principal *assets* were transferred because Atkins Services, |
| 3 | Inc. paid some of defendant's *liabilities*.  (Doc. No. 29 at 12–13.)  Such an inference is |
| 4 | unwarranted in light of the record before the court.  Rather, Jeffrey and Rhonda Atkins filed a |
| 5 | declaration stating that Atkins Services, Inc., does a different type of work than defendant and |
| 6 | that defendant's assets were repossessed.  (Doc. No. 24 at 2, 10.)  On this record, plaintiffs have |
| 7 | not shown by a preponderance of the evidence that the principal assets were transferred. |

**D.     Conclusion**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation issued March 2, 2021 (Doc. No. 26), are ADOPTED IN FULL; and
2. Plaintiffs' motion to amend the judgment (Doc. No. 16) is DENIED.

IT IS SO ORDERED.

Dated:     **June 28, 2021**                             _Dale A. Drozd_
                                                                              UNITED STATES DISTRICT JUDGE

4